IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

PATRICK DOUGLAS RYAN                                                    PETITIONER
Reg. #10071-062

V.                          CASE NO. 2:18-CV-00023-JM-JTK

GENE BEASLEY, Warden
FCI – Forrest City                                                       DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

### DISPOSITION

For the reasons explained below, it is recommended that Respondent's Motion to Dismiss (DE # 6) be GRANTED and the Petition for Writ of Habeas Corpus dismissed without prejudice.

### Procedural History

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Patrick Douglas Ryan for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE # 2) Petitioner's prison sentence derives from a guilty plea in the United States District Court for the Northern District of Oklahoma on June 14, 2007, for being a felon in possession and making a false statement during a firearm purchase. (DE # 6-1) He received a 180-month sentence for being a felon in possession and a 120-month sentence for making a false statement during a firearm purchase. (DE # 6-1) Furthermore, the judgment provided for five (5) years of supervised release for Count I and three (3) years as to Count II, both counts to run concurrently. *Id.*

On May 6, 2016, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Oklahoma. (DE # 6-2 at pp. 6)  The district court granted the motion on January 27, 2017.  (DE # 6-3)  Subsequently, Petitioner was resentenced to time served, however, the district court noted that "[a]ll other aspects of Defendant's sentence shall remain as set forth in the original Judgment." (DE # 6-4)  On February 13, 2017, the district court entered an Amended Judgment, which stated that upon release from imprisonment, the Petitioner was on supervised release for a period of three (3) years as to Count I and Count II, both counts to run concurrently.  (DE # 6-5)

On August 24, 2017, a petition for warrant was filed against the Petitioner for violations of his supervised release.  Ryan stipulated to the violations in said petition, and the district court entered an order, which continued the sentencing hearing until December 19, 2017, in order to allow the Petitioner the opportunity to attend inpatient substance abuse treatment.  (DE # 6-6) Petitioner filed a motion for variance in the sentencing court on December 5, 2017, requesting the district court to "vary downward and sentence him to 'time served' with no further term of supervised release" due to the excess years of imprisonment and the contention that Petitioner is a "lifelong addict" who does not appear "would benefit from any further imprisonment or supervision."  (DE # 6-7 at pp. 2-3)  The district court denied the motion and entered a judgment on December 19, 2017, sentencing the Petitioner to eight (8) months imprisonment for violations of his supervised release.  (DE # 6-8)

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on February 13, 2018, pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence. (DE # 2)  Specifically, the Petitioner argues that his term of supervised release should have expired on the date he "should have been [r]eleased according to his [r]evised [s]entence." *Id.* at 6.  The Respondent filed his

response to the petition on March 16, 2018, contending that the petition should be dismissed because this Court lacks jurisdiction to entertain the petition under § 2241. (DE # 6) For the reasons that follow, the Court agrees with Respondent and finds that the petition should be denied and dismissed without prejudice.

## Discussion

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence. Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. It is not disputed that the claims within Petitioner's current petition in this Court are challenging the validity of his sentence as imposed. Therefore, his claims must be directed to the Oklahoma district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Tenth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Oklahoma federal court. Such challenge is appropriate under § 2255, and as previously discussed, Petitioner has sought such review and the district court granted Petitioner's motion. Petitioner, however, has not challenged the judgment on his supervised release violation in the Northern District of Oklahoma or the Tenth Circuit Court of Appeals. Because the Petitioner cannot show that his prior attempt at relief pursuant to § 2255 was inadequate or ineffective, he is not entitled to proceed under § 2241.

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner. Accordingly, it is recommended Respondent's Motion to Dismiss (DE # 6) is granted and this 28 U.S.C. § 2241 petition for writ of habeas corpus (DE # 2) be dismissed without prejudice.

SO ORDERED this 23rd day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE